# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

LASHAWNA LYNN WILSON,
ADC #714097                                                                                   PLAINTIFF

1:17CV00096-JLH-JTK

G. FORD, et al.                                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff LaShawna Wilson is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC). She filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants caused her to suffer an injury to her foot while escorting her from a disciplinary hearing. She requested monetary relief.

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by Defendants Ford and Hall (Doc. Nos. 17-19). When Plaintiff failed to respond, this Court entered an Order on February 13, 2018, directing her to respond within fifteen days (Doc. No. 22). Plaintiff filed an Affidavit in Response (Doc. No. 27) and Defendants filed a Reply (Doc. No. 31).

### II. Facts

In her Original and Amended Complaints, Plaintiff stated that while they escorted her from a disciplinary hearing on August 8, 2017, Defendants disregarded her request to slow down and

walked too fast, causing her to lose her balance and break her foot. (Doc. Nos. 2, 10) Plaintiff stated Defendants disregarded the risk of injury to her, since she was in full restraints, and caused her extreme pain. (Id.)

### III.   Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in Defendants' Motion is whether Plaintiff exhausted her administrative remedies prior to filing this lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 17-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants present the Declaration of Terri Grigsby, the inmate grievance supervisor, who states that the grievance process consists of an informal resolution, a formal grievance, and a grievance

appeal to the Assistant and/or Deputy Director. (Doc. No. 17-2, p.2) The first step, the informal grievance, should be filed within fifteen days of an occurrence, and if it is denied or the inmate does not receive a response, a formal grievance must be filed with the Warden within three days of receiving the response or six days of filing the informal grievance. (Id.) After reviewing Plaintiff's records, Ms. Grigsby found that Plaintiff did file an informal grievance on August 8, 2017, naming Defendants, but did not file a step two grievance appeal to the Warden. (Id., p. 3) Grigsby also notes that the upper right hand box of Plaintiff's grievance is blank, and therefore, contains no record of a grievance number assigned, a grievance code, or the date the grievance was received. (Id.; Doc. No. 17-3) Based on this evidence, Defendants state Plaintiff did not fully exhaust that grievance, and did not file any other grievances concerning the incident at issue in this case. (Id.)

In Response, Plaintiff states that her housing supervisor, Sgt. Stewart, talked her out of filing the step two grievance, stating that it would not "go through." (Doc. No. 27, p. 1) She also states that she did not properly understand the grievance procedure, and that even if she would have filed the step two, the grievance was never entered into the system. (Id., p. 2) She asks the Court to review the video camera footage from the incident, as evidence of Defendants' wrongdoing.

In their Reply, Defendants deny Plaintiff's statements and present the Declaration of Sgt. Scotty Stewart, who stated that he was not her problem-solver in relation to her grievance, and that the signature on the grievance is not his, but appears to be a forgery. (Doc. No. 31-1) He added that he did not talk her out of filing the step two grievance at any time. (Id.) Defendants also note that copies of the grievance policy are available for inmates' review in each unit's law library.

4

(Doc. No. 17-1, p. 4)

>  According to the PLRA,
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The United States Supreme Court held in Ross v. Blake that three types of incidents could

render an administrative remedy unavailable to an inmate. 136 S.Ct. 1850, 1859 (2016). Those situations include: where the procedure operates as a dead end, with officers unable or unwilling to provide any relief; where the administrative scheme is so opaque that no ordinary prisoner can discern or navigate it; or when prison administrators thwart inmates from taking advantage of a grievance procedure. Id. at 1859-1860.

In this case, the ADC grievance policy in effect clearly instructs inmates first to file an informal resolution within fifteen days of the incident, and if the problem cannot be resolved, the problem-solver should document the resolution attempt on the form, and both the inmate and problem-solver should sign and date the form. (Doc. No. 17-2, pp. 5-7)   The procedure also states that the inmate may then proceed to step two (the formal grievance), within six working days from the submission of the step one form, at which time the grievance officer will assign a number to the grievance in the upper right hand box, and log the date the grievance was received. (Id., pp. 8-9)

It is clear to the Court that Plaintiff did not proceed to step two of the grievance process, and did not exhaust her remedies as to her claims against Defendants.   The Court also finds that Plaintiff's claim that Sgt. Stewart talked her out of proceeding to the next step does not fit into one of the three types of incidents in which a grievance remedy is unavailable.   Plaintiff does not claim that Stewart threatened her, and Stewart's signature on his Declaration form does not resemble his alleged signature on Plaintiff's informal grievance form. The grievance policy is made available to inmates in the Unit law libraries, and Plaintiff does not allege any additional facts to support a finding that she was prevented from exhausting her remedies.   Therefore, the Court finds her Complaint against Defendants should be dismissed, for failure to exhaust.

6

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 17) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 3rd day of April, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE